IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,**<br>1101 K Street, N.W., Suite 201<br>Washington, D.C. 20005<br><br>      Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>245 Murray Lane, S.W.<br>Washington, D.C. 20528<br><br>      Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the U.S. Secret Service, a component of the U.S. Department of Homeland Security ("DHS"), to disclose to CREW specified records of expenses incurred by the Secret Service to provide protection to the president while staying at Trump Turnberry Resort and to his son, Donald Trump Jr., during a hunting trip to Mongolia.

2. This case seeks declaratory relief that DHS is in violation of the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), for failing to provide CREW all responsive records, and injunctive relief ordering defendant DHS to process and release to CREW immediately the requested records in their entirety.

**Jurisdiction and Venue**

3.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4.     Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5.     Defendant DHS is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant and its component, the U.S. Secret Service, have possession and control of the requested records and are responsible for fulfilling plaintiff's FOIA request.

**Statutory and Regulatory Background**

6.     The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7.     An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records

it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. Whenever an agency makes an adverse determination the requester has a right to file an administrative appeal. 5 U.S.C. § 552(a)(6)(A). An Agency must make a determination on an administrative appeal within 20 working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii). An agency may extend that 20-day period by written notice if "unusual circumstances," as defined by the FOIA, apply. 5 U.S.C. § 552(a)(6)(B)(i); 5 U.S.C. § (a)(6)(B)(iii).

9. An agency's failure to make a determination on an administrative appeal within 20 days is subject to judicial review without further exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

**Factual Background**

*CREW's December 13, 2019 FOIA Request*

10. On December 13, 2019, CREW submitted by email a FOIA request to the U.S. Secret Service seeking copies of records from July 31, 2019 to the present of or reflecting the use of government funds to provide security and any other services for a trip Donald Trump Jr. took to Mongolia in August 2019.

11. In its request CREW explained that as a son of the president, Donald Trump Jr. is entitled to Secret Service protection. According to public reporting, the president's son took a trip to Mongolia to hunt an endangered species of argali sheep, joined by what hunting guides and scouts who worked on the trip described as five American bodyguards.

12. By letter dated December 16, 2019, the Secret Service acknowledged receipt of CREW's request.

13. The following day, by letter dated December 17, 2019, the Secret Service advised CREW it had conducted a search for potentially responsive documents and was processing the responsive records, which it would mail to CREW upon completion.

14. On March 5, 2020, the Secret Service provided CREW with its final response to the request, consisting of two pages of records that included: (1) an air/rail detail report noting $2,248.29 in expenses covering August 11-18, 2019, and (2) a foreign protective travel cost tracking sheet that showed $15,999.84 paid to Marmara International LLC and $1,705.12 for Department of State Support Services covering August 16-24, 2019.

15. On March 13, 2020, CREW sent by email an administrative appeal challenging the failure of the Secret Service to conduct an adequate search reasonably designed to uncover all responsive documents.

16. CREW's appeal explained that according to public reporting, five members of the Secret Service accompanied Donald Trump Jr. on his trip to Ulaanbaatar, Mongolia. At the time of the trip, the cheapest commercial flights for the period August 11-18 were approximately $1,000 round trip, yet the Secret Service provided documentation of travel costs totaling only $2,248.29.

17. In its appeal CREW further explained that reporting also indicates that Trump Jr. had a private meeting with the Mongolian president in Ulaanbaatar. The documents the Secret Service provided CREW, however, do not include any entry for separate lodging in the city or any additional transportation or meal costs, only a payment to Marmara International LLC, which is listed as a "camping service," for one location: Bayan Olgii, Mongolia. Yet CREW's request clearly encompassed the entirety of Trump Jr.'s trip, not just the portion spent in Bayan Olgii, Mongolia.

18. CREW explained that for all these reasons, the Secret Service failed to conduct an adequate search, and requested that the Secret Service conduct a new search that addresses these omissions.

19. To date, CREW has received no response to its administrative appeal or any other communication from the Secret Service.

20. CREW has now exhausted all applicable administrative remedies with respect to its December 13, 2019 request of the Secret Service.

*CREW's March 24, 2020 FOIA Request*

21. On March 24, 2020, CREW submitted to the DHS Office of Inspector General ("OIG") by email a FOIA request seeking an unredacted copy of the March 18, 2020 report issued by the DHS OIG, "United States Secret Service Expenses Incurred at Trump Turnberry Resort," OIG-20-18 ("OIG Report").

22. In its request, CREW explained that at the request of Congress, the OIG had conducted an audit of the expenses the Secret Service incurred for President Trump's visit to his Trump Turnberry Resort in Scotland from July 14-15, 2018. While the OIG Report of this audit is publicly available, the public version contains key redactions including the total costs to the Secret Service for the trip; the total cost of meals and incidentals; certain hotel room rates for Secret Service personnel; and other logistical support costs. While the cover of the report contains a "law enforcement sensitive warning," suggesting that is the basis for the redactions, the warning is crossed-out.

23. By letter dated April 1, 2020, the DHS OIG advised CREW that after a consult, the U.S. Secret Service had asserted FOIA Exemptions 7(E) and 7(F) to withhold the redacted information. No other document accompanied the response of the DHS OIG.

24. On April 3, 2020, CREW sent by email an administrative appeal challenging the OIG's assertion, at the request of the Secret Service, of FOIA Exemptions 7(E) and 7(F).

25. In its appeal CREW first pointed out that the OIG had failed to comply with its obligation to produce to CREW the requested record with markings indicating both the deletions and the exemptions claimed for each deletion, as the FOIA requires, 5 U.S.C. § 552(b). In fact, the OIG failed to provide any document whatsoever.

26. CREW further appealed the OIG's indiscriminate invocation of Exemptions 7(E) and 7(F), without meeting the threshold requirement that the records be compiled for a law enforcement purpose. As CREW explained, the OIG prepared the audit in response to a request from members of Congress, not for any law enforcement purpose of the OIG.

27. CREW also explained that the redacted material consists of dollar figures for certain, but not all, expenses the Secret Service incurred from President Trump's visit to his Scotland resort. It is impossible to fathom how providing the total costs of the trip and the component costs of meals, incidentals, and hotel rooms could reasonably be expected to endanger an individual's life or safety, or could disclose a law enforcement technique or procedure. Further, as CREW explained, there is no meaningful distinction between the costs included in the OIG Report and those that were redacted. For all these reasons, CREW requested that the DHS OIG be directed to immediately release to CREW an unredacted copy of the OIG Report.

28. To date, CREW has received no response to its administrative appeal or any other communication from the Secret Service.

29. CREW has now exhausted all applicable administrative remedies with respect to its request of HUD.

## **PLAINTIF'S CLAIM FOR RELIEF**

30. Plaintiff repeats and re-alleges paragraphs 1-29.

31. With its December 13, 2019 and March 24, 2020 FOIA requests Plaintiff properly asked for records within the custody and control of DHS.

32. Defendant DHS wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's appeals and by withholding from disclosure records responsive to plaintiff's requests.

33. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

### **Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant DHS to immediately and fully process plaintiff's December 13, 2019 and March 24, 2020 FOIA requests to DHS and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

                                                       */s/ Anne L. Weismann*
                                                    Anne L. Weismann
                                                   (D.C. Bar No. 298190)
                                                   Adam J. Rappaport
                                                   (D.C. Bar No. 479866)
                                                   Citizens for Responsibility and Ethics
                                                            in Washington
                                                   1101 K Street, N.W., Suite 201
                                                   Washington, D.C.  20005
                                                   Phone: (202) 408-5565
                                                   Facsimile: (202) 588-5020
                                                   aweismann@citizensforethics.org

Dated: May 27, 2020                            *Attorneys for Plaintiff*